**BIBIYAN LAW GROUP, P.C.**
David D. Bibiyan (Cal. Bar No. 287811)
*david@tomorrowlaw.com*
Sarah H. Cohen (Cal. Bar No. 330700)
*sarah@tomorrowlaw.com*
Rafael Yedoyan (SBN 351499)
*rafael@tomorrowlaw.com*
1460 Westwood Boulevard
Los Angeles, California 90024
Tel: (310) 438-5555; Fax: (310) 300-1705

Attorneys for Plaintiffs, Javier Bahamonde and Dajane Sanders
on behalf of all others similarly situated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER BAHAMONDE and DAJANE SANDERS and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>   v.<br><br>AMAZON.COM SERVICES, LLC, a Washington limited liability company; AMPLIO LOGISTICS, LLC., a California corporation; and DOES 1 through 100, inclusive,<br><br>    Defendants. | CASE NO.: 3:25-cv-03499-JSC<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. FAILURE TO PAY OVERTIME WAGES;<br><br>2. FAILURE TO PAY MINIMUM WAGES;<br><br>3. FAILURE TO PROVIDE MEAL PERIODS;<br><br>4. FAILURE TO PROVIDE REST PERIODS;<br><br>5. WAITING TIME PENALTIES;<br><br>6. WAGE STATEMENT VIOLATIONS;<br><br>7. FAILURE TO TIMELY PAY WAGES;<br><br>8. FAILURE TO INDEMNIFY;<br><br>9. VIOLATION OF LABOR CODE § 227.3;<br><br>10. UNFAIR COMPETITION.<br><br>**DEMAND FOR JURY TRIAL**<br><br>[Amount in Controversy Exceeds $35,000.00] |

Law Offices of
BIBIYAN LAW GROUP
A Professional Corporation
1460 Westwood Boulevard
Los Angeles, California 90024
(310) 438-5555

SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiffs Javier Bahamonde and Dajane Sanders, on behalf of Plaintiffs and all others similarly situated, alleges as follows:

## GENERAL ALLEGATIONS

## INTRODUCTION

1.      This is a Class Action, pursuant to Code of Civil Procedure section 382, against Amazon.com Services, LLC., and any of its respective subsidiaries or affiliated companies within the State of California ("AMAZON"); Amplio Logistics ("AMPLIO" and collectively, with AMAZON and DOES 1 through 100, as further defined below, "Defendants") on behalf of Plaintiffs and all other current and former non-exempt California employees employed by or formerly employed by Defendants ("Class Members").

## PARTIES

### A.    Plaintiffs

2.      Plaintiff Javier Bahamonde is a resident of the State of California.  At all relevant times herein, Plaintiffs are informed and believe, and based thereon alleges, that Defendants employed Plaintiffs as a non-exempt employee, with duties that included, but were not limited to, delivering packages, and loading containers with merchandise. Plaintiffs are informed and believe, and based thereon alleges, that Plaintiffs Javier Bahamonde worked for Defendants from approximately April 12, 2023, through approximately April 15, 2023.

3.      Plaintiff Dajane Sanders is a resident of the State of California.  At all relevant times herein, Plaintiffs are informed and believe, and based thereon alleges, that Defendants employed Plaintiffs as a non-exempt employee, with duties that included, but were not limited to, delivering packages, and loading containers with merchandise. Plaintiffs are informed and believe, and based thereon alleges, that Plaintiff Dajane Sanders worked for Defendants from approximately November of 2022, through approximately June of 2023.

### B.    Defendants

4.      Plaintiffs are informed and believe and based thereon allege that defendant AMAZON is, and at all times relevant hereto was, a limited liability company organized and existing under and by

virtue of the laws of the State of Washington and doing business in the County of Contra Costa, State of California. At all relevant times herein, AMAZON employed Plaintiffs and similarly situated employees within the State of California

5.      Plaintiffs are informed and believe and based thereon allege that defendant AMPLIO is, and at all times relevant hereto was, a corporation organized and existing under and by virtue of the laws of the State of California and doing business in the County of Contra Costa, State of California. At all relevant times herein, AMPLIO employed Plaintiffs and similarly situated employees within the State of California.

6.      The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiffs, who therefore sues defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiffs are informed and believe and based thereon allege that each of the defendants designated herein as DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.  Plaintiffs are informed and believe, and based thereon alleges, that each defendant acted in all respects pertinent to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.  Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall include AMAZON and AMPLIO, and any of their parent, subsidiary, or affiliated companies within the State of California, and DOES 1 through 100 identified herein.

## JOINT LIABILITY ALLEGATIONS

7.      Plaintiffs are informed and believe and based thereon allege that all the times mentioned herein, each of the Defendants was the agent, principal, employee, employer, representative, joint venture or co-conspirator of each of the other defendants, either actually or ostensibly, and in doing the things alleged herein acted within the course and scope of such agency, employment, joint venture, and conspiracy.

8.      All of the acts and conduct described herein of each and every corporate defendant was duly authorized, ordered, and directed by the respective and collective defendant corporate employers, and the officers and management-level employees of said corporate employers. In addition thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents, and representatives, and each of them; and upon completion of the aforesaid acts and conduct of said corporate employees, agents, and representatives, the defendant corporation respectively and collectively ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized, and otherwise approved of each and all of the said acts and conduct of the aforementioned corporate employees, agents and representatives.

9.      Plaintiffs are further informed and believe and based thereon allege that DOES 51 through 100 violated, or caused to be violated, the above-referenced and below-referenced Labor Code provisions in violation of Labor Code section 558.1.

10.     Plaintiffs are informed and believe, and based thereon allege, that there exists such a unity of interest and ownership between Defendants, and each of them, that their individuality and separateness have ceased to exist.

11.     Plaintiffs are informed and believe, and based thereon alleges that despite the formation of the purported corporate existence of AMAZON, AMPLIO and DOES 1 through 50, inclusive (the "Alter Ego Defendants"), they, and each of them, are one and the same with DOES 51 through 100 ("Individual Defendants"), and each of them, due to, but not limited to, the following reasons:

A.   The Alter Ego Defendants are completely dominated and controlled by the Individual Defendants who personally committed the wrongful and illegal acts and violated the laws as set forth in this Complaint, and who has hidden and currently hide behind the Alter Ego Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose;

B.   The Individual Defendants derive actual and significant monetary benefits by and through the Alter Ego Defendants' unlawful conduct, and by using the Alter Ego

Defendants as the funding source for the Individual Defendants' own personal expenditures;

C.   Plaintiffs is informed and believes and thereon alleges that the Individual Defendants and the Alter Ego Defendants, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose;

D.   Plaintiffs is informed and believes and thereon alleges that the business affairs of the Individual Defendants and the Alter Ego Defendants are, and at all relevant times mentioned herein were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are inextricable confusion.  The Alter Ego Defendants are, and at all relevant times mentioned herein were, used by the Individual Defendants as mere shells and conduits for the conduct of certain of their, and each of their affairs.  The Alter Ego Defendants are, and at all relevant times mentioned herein were, the alter egos of the Individual Defendants;

E.   The recognition of the separate existence of the Individual Defendants and the Alter Ego Defendants would promote injustice insofar that it would permit defendants to insulate themselves from liability to Plaintiffs for violations of the Civil Code, Labor Code, and other statutory violations.  The corporate existence of these defendants should thus be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiffs herein;

F.   Accordingly, the Alter Ego Defendants constitute the alter ego of the Individual Defendants (and vice versa), and the fiction of their separate corporate existence must be disregarded;

12.   As a result of the aforementioned facts, Plaintiffs are informed and believe, and based thereon alleges that Defendants, and each of them, are joint employers.

## JURISDICTION

13.   Jurisdiction exists in the Superior Court of the State of California pursuant to Code of

1    Civil Procedure section 410.10.

2        14.        Venue is proper in  Contra Costa County, California pursuant to Code of Civil

3    Procedure sections 392, et seq. because, among other things,  County is where the causes of action

4    complained of herein arose; the county in which the employment relationship began; the county in

5    which performance of the employment contract, or part of it, between Plaintiffs and Defendants was

6    due to be performed; the county in which the employment contract, or part of it, between Plaintiffs

7    and Defendants was actually performed; and the county in which Defendants, or some of them, reside.

8    Moreover, the unlawful acts alleged herein have a direct effect on Plaintiffs and Class Members in

9    Contra Costa County, and because Defendants employ numerous Class Members in Contra Costa

10   County.

11                                    **FACTUAL BACKGROUND**

12       15.        For at least four (4) years prior to the filing of this action and continuing to the present,

13   Defendants have, at times, failed to pay overtime wages to Plaintiffs and Class Members, or some of

14   them, in violation of California state wage and hour laws as a result of, without limitation, Plaintiffs

15   and Class Members working over eight (8) hours per day, forty (40) hours per week, and seven

16   consecutive work days in a work week without being properly compensated for hours worked in

17   excess of (8) hours per day in a work day, forty (40) hours per week in a work week, and/or hours

18   worked on the seventh consecutive work day in a work week by, among other things, failing to

19   accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay to the

20   detriment of Plaintiffs and Class Members.

21       15.        For at least four (4) years prior to the filing of this Action and continuing to the present,

22   Defendants have, at times, failed to pay minimum wages to Plaintiffs and Class Members, or some of

23   them, in violation of California state wage and hour laws as a result of, among other things, at times,

24   failing to accurately track and/or pay for all hours actually worked at their regular rate of pay that is

25   above the minimum wage to the detriment of Plaintiffs and Class Members.

26       16.        For at least four (4) years prior to the filing of this Action and continuing to the present,

27   Defendants have, at times, failed to provide Plaintiffs and Class Members, or some of them, full,

28

timely thirty (30) minute uninterrupted meal period for days on which they worked more than five (5) hours in a work day and a second thirty (30) minute uninterrupted meal period for days on which they worked in excess of ten (10) hours in a work day, and failing to provide compensation for such unprovided meal periods as required by California wage and hour laws.

17.    For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to authorize and permit Plaintiffs and Class Members, or some of them, to take rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and failed to provide compensation for such unprovided rest periods as required by California wage and hour laws.

18.    For at least three (3) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay Plaintiffs and Class Members, or some of them, the full amount of their wages owed to them upon termination and/or resignation as required by Labor Code sections 201 and 202, including for, without limitation, failing to pay overtime wages, minimum wages, premium wages, and vacation pay pursuant to Labor Code section 227.3.

19.    For at least one (1) year prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to furnish Plaintiffs and Class Members, or some of them, with itemized wage statements that accurately reflect gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and other such information as required by Labor Code section 226, subdivision (a).  As a result thereof, Defendants have further failed to furnish employees with an accurate calculation of gross and gross wages earned, as well as gross and net wages paid.

20.    For at least one (1) year prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay Plaintiffs and Class Members, or some of them, the full amount of their wages for labor performed in a timely fashion as required under Labor Code section 204.

21.    For at least three (3) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to indemnify Class Members, or some of them, for the costs incurred

1  to perform work duties.

2      22.     For at least four (4) years prior to the filing of this action and continuing to the present,

3  Defendants have had a consistent policy of failing to provide Plaintiffs and similarly situated

4  employees or former employees within the State of California with compensation at their final rate of

5  pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

6      23.     Plaintiffs, on their own behalf and on behalf of Class Members, brings this action

7  pursuant to, including but not limited to, Labor Code sections 200, 201, 202, 203, 204, 226, 226.7,

8  227.3, 510, 512, 558.1, 1194, 1194.2, 1197, 2802, *et al.*, and California Code of Regulations, Title 8,

9  section 11040, seeking overtime wages, minimum wages, payment of premium wages for missed meal

10  and rest periods, failure to pay timely wages, waiting time penalties, wage statement penalties, failure

11  to indemnify work-related expenses, failing to pay vested vacation time at the proper rate of pay, other

12  such provisions of California law, and reasonable attorneys' fees and costs.

13      24.     Plaintiffs, on Plaintiffs's own behalf and on behalf of Class Members, pursuant to

14  Business and Professions Code sections 17200 through 17208, also seeks (an) injunction(s)

15  prohibiting Defendants from further violating the Labor Code and requiring the establishment of

16  appropriate and effective means to prevent further violations, as well as all monies owed but withheld

17  and retained by Defendants to which Plaintiffs and Class Members are entitled, as well as restitution

18  of amounts owed.

19                   **CLASS ACTION ALLEGATIONS**

20      25.     Plaintiffs brings this action on behalf of Plaintiffs and Class Members as a class action

21  pursuant to Code of Civil Procedure section 382.  Plaintiffs seeks to represent a class of all current

22  and former non-exempt employees of Defendants within the State of California at any time

23  commencing four (4) years preceding the filing of Plaintiffs's complaint up until the time that notice

24  of the class action is provided to the class (collectively referred to as "Class Members").

25      26.     Plaintiffs reserves the right under California Rule of Court rule 3.765, subdivision (b)

26  to amend or modify the class description with greater specificity, further divide the defined class into

27  subclasses, and to further specify or limit the issues for which certification is sought.

28

27.     This action has been brought and may properly be maintained as a class action under the provisions of Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A.     <u>Numerosity</u>**

28.     The potential Class Members as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined yet, Plaintiffs is informed and believes that there are over seventy-five (75) Class Members employed by Defendants within the State of California.

29.     Accounting for employee turnover during the relevant periods necessarily increases this number. Plaintiffs alleges Defendants' employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

**B.     <u>Commonality</u>**

30.     There are questions of law and fact common to Class Members. These common questions include, but are not limited to:

A.  Did Defendants violate Labor Code sections 510 and 1194 by failing to pay all hours worked at a proper overtime rate of pay?

B.  Did Defendants violate Labor Code sections 510, 1194 and 1197 by failing to pay for all other time worked at the employee's regular rate of pay and a rate of pay that is greater than the applicable minimum wage?

C.  Did Defendants violate Labor Code section 512 by not authorizing or permitting Class Members to take compliant meal periods?

D.  Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed or interrupted meal periods?

E.  Did Defendants violate applicable Wage Orders by not authorizing or permitting Class Members to take compliant rest periods?

F.  Did Defendants violate Labor Code section 226.7 by not providing Class Members

with additional wages for missed rest periods?

G.   Did Defendants violate Labor Code sections 201 and 202 by failing to pay Class Members upon termination or resignation all wages earned?

H.   Are Defendants liable to Class Members for waiting time penalties under Labor Code section 203?

I.   Did Defendants violate Labor Code section 226, subdivision (a) by not furnishing Class Members with accurate wage statements?

J.   Did Defendants fail to pay Class Members in a timely fashion as required under Labor Code section 204?

K.   Did Defendants fail to indemnify Class Members for all necessary expenditures or losses incurred in direct consequence of the discharge of their duties or by obedience to the directions of Defendants as required under Labor Code section 2802?

L.   Did Defendants violate Labor Code section 227.3 by not providing Class Members with compensation at their final rate of pay for vested paid vacation time.

M.   Did Defendants violate the Unfair Competition Law, Business and Professions Code section 17200, *et seq.*, by their unlawful practices as alleged herein?

N.   Are Class Members entitled to restitution of wages under Business and Professions Code section 17203?

O.   Are Class Members entitled to costs and attorneys' fees?

P.   Are Class Members entitled to interest?

**C.**   **Typicality**

31.   The claims of Plaintiffs herein alleged are typical of those claims which could be alleged by any Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.  Plaintiffs and Class Members sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged herein.

**D.**   **Adequacy of Representation**

32. Plaintiffs will fairly and adequately represent and protect the interest of Class Members. Counsel who represents Plaintiffs is competent and experienced in litigating wage and hour class actions.

**E.    Superiority of Class Action**

33. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members. Class Members, as further described therein, have been damaged and are entitled to recovery by reason of Defendants' policies and/or practices that have resulted in the violation of the Labor Code at times, as set out herein.

34. Class action treatment will allow Class Members to litigate their claims in a manner that is most efficient and economical for the parties and the judicial system. Plaintiffs is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

**FIRST CAUSE OF ACTION**

**(Failure to Pay Overtime Wages – Against All Defendants)**

35. Plaintiffs realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

36. At all relevant times, Plaintiffs and Class Members were employees or former employees of Defendants covered by Labor Code sections 510, 1194 and 1199, as well as applicable Wage Orders.

37. At all times relevant to this Complaint, Labor Code section 510 was in effect and provided: "(a) Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of forty hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

38. At all times relevant to this Complaint, Labor Code section 510 further provided that "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice

1  the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh

2  day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay."

3      39.    Four (4) years prior to the filing of the Complaint in this Action through the present,

4  Plaintiffs and Class Members, at times, worked for Defendants during shifts that consisted of more

5  than eight (8) hours in a workday and/or more than forty hours in a workweek, and/or seven (7)

6  consecutive workdays in a workweek, without being paid overtime wages for all hours worked as a

7  result of, including but not limited to, Defendants failing to accurately track and/or pay for all hours

8  actually worked at the proper overtime rate of pay to the detriment of Plaintiffs and Class Members.

9      40.    Accordingly, by requiring Plaintiffs and Class Members to, at times, work greater than

10  eight (8) hours per workday, forty (40) hours per workweek, and/or seven (7) straight workdays

11  without properly compensating overtime wages at the proper overtime rate of pay, Defendants, on

12  occasion, willfully violated the provisions of the Labor Code, among others, sections 510, 1194, and

13  applicable IWC Wage Orders, and California law.

14      41.    As a result of the unlawful acts of Defendants, Plaintiffs and Class Members have been

15  deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery, plus

16  interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 1194 and

17  1199, Code of Civil Procedure section 1021.5 and 1032, and Civil Code section 3287.

18  **<u>SECOND CAUSE OF ACTION</u>**

19  **(Failure to Pay Minimum Wages – Against All Defendants)**

20      42.    Plaintiffs realleges and incorporates by reference all of the allegations contained in the

21  preceding paragraphs as though fully set forth hereat.

22      43.    At all relevant times, Plaintiffs and Class Members were employees or former

23  employees of Defendants covered by Labor Code sections 1197, 1199 and applicable Wage Orders.

24      44.    Pursuant to Labor Code section 1197 and applicable Wage Orders, Plaintiffs and Class

25  Members were entitled to receive minimum wages for all hours worked or otherwise under

26  Defendants' control.

27      45.    For four (4) years prior to the filing of the Complaint in this Action through the present,

28

Defendants failed, at times, to accurately track and/or pay for all hours actually worked at their regular rate of pay that is above the minimum to the detriment of Plaintiffs and Class Members. As a result of Defendants' unlawful conduct, Plaintiffs and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours worked or otherwise due.

46.    Pursuant to Labor Code sections 218.6, 1194, 1194.2, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiffs and Class Members are entitled to recover the full amount of unpaid minimum wages, interest and penalties thereon, liquidated damages, reasonable attorneys' fees and costs of suit.

<u>**THIRD CAUSE OF ACTION**</u>

**(Failure to Provide Meal Periods – Against All Defendants)**

47.    Plaintiffs realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

48.    At all relevant times, Plaintiffs and Class Members were employees or former employees of Defendants covered by Labor Code section 512 and applicable Wage Orders.

49.    Pursuant to Labor Code section 512 and applicable Wage Orders, no employer shall employ an employee for a work period of more than five (5) hours without a timely meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.  Furthermore, no employer shall employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second timely meal period of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.

50.    Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

51.    For four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiffs and Class Members were, at times, not provided complete, timely 30-minute, duty-free

uninterrupted meal periods every five hours of work without waiving the right to take them, as permitted.  Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not provided compliant meal periods.

52.     By their failure to provide Plaintiffs and Class Members compliant meal periods as contemplated by Labor Code section 512, among other California authorities, and failing, at times, to provide compensation for such unprovided meal periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 512 and applicable Wage Orders.

53.     As a result of Defendants' unlawful conduct, Plaintiffs and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for missed, untimely, interrupted, incomplete and/or on-duty meal periods.

54.     Plaintiffs and Class Members are entitled to recover the full amount of their unpaid additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

## FOURTH CAUSE OF ACTION

### (Failure to Provide Rest Periods – Against All Defendants)

55.     Plaintiffs realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

56.     At all relevant times, Plaintiffs and Class Members were employees or former employees of Defendants covered by applicable Wage Orders.

57.     California law and applicable Wage Orders require that employers "authorize and permit" employees to take ten (10) minute rest periods in about the middle of each four (4) hour work period "or major fraction thereof."  Accordingly, employees who work shifts of three and-a-half (3 ½) to six (6) hours must be provided ten (10) minutes of paid rest period, employees who work shifts of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes of paid rest period, and employees who work shifts of more than ten (10) hours must be provided thirty (30)

minutes of paid rest period.

58.     Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

59.     For four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiffs and Class Members were, at times, not authorized or permitted to take complete, timely 10-minute, duty-free uninterrupted rest periods every four (4) hours of work or major fraction thereof. Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not authorized or permitted to take compliant rest periods.

60.     By their failure, at times, to authorize and permit Plaintiffs and Class Members to take rest periods contemplated by California law, and one (1) additional hour of pay at the employee's regular rate of compensation for such unprovided rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 226.7 and applicable Wage Orders.

61.     As a result of Defendants' unlawful conduct, Plaintiffs and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for rest periods that they were not authorized or permitted to take.

62.     Plaintiffs and Class Members are entitled to recover the full amount of their unpaid additional pay for unprovided compliant rest periods, in amounts to be determined at trial, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

## FIFTH CAUSE OF ACTION

### (Failure to Pay All Wages Due Upon Termination – Against All Defendants)

63.     Plaintiffs realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

64.     At all relevant times, Plaintiffs and Class Members were employees or former

employees of Defendants covered by Labor Code sections 201, 202 and 203, as well as applicable Wage Orders.

65.        Pursuant to Labor Code sections 201 and 202, Plaintiffs and Class Members were entitled upon termination to timely payment of all wages earned and unpaid prior to termination. Discharged Class Members were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination.  Class Members who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid at the time of resignation.

66.        Plaintiffs are informed and believe, and based thereon alleges, that in the three (3) years before the filing of the Complaint in this Action through the present, Defendants, due to the failure, at times, to provide overtime wages mentioned above, failed to pay Plaintiffs and Class Members all wages earned prior to resignation or termination in accordance with Labor Code sections 201 or 202.

67.        Plaintiffs is informed and believes Defendants' failure, at times, to pay Plaintiffs and Class Members all wages earned prior to termination or resignation in accordance with Labor Code sections 201 and 202 was willful.  Defendants had the ability to pay all wages earned by Plaintiffs and Class Members at the time of termination in accordance with Labor Code sections 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code sections 201 and 202 resulting in the failure, at times, to pay all wages earned prior to termination or resignation.

68.        Pursuant to Labor Code section 203, Plaintiffs and Class Members are entitled to waiting time penalties from the date their earned and unpaid wages were due, upon termination or resignation, until paid, up to a maximum of thirty (30) days.

69.        As a result of Defendants' unlawful conduct, Plaintiffs and Class Members have suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned prior to termination or resignation.

70.        Pursuant to Labor Code section 203 and 218.6, Code of Civil Procedure sections

1021.5 and 1032, and Civil Code section 3287, Plaintiffs and Class Members are entitled to recover waiting time penalties, interest, and their costs of suit, as well.

### SIXTH CAUSE OF ACTION

**(Failure to Provide Accurate Wage Statements – Against All Defendants)**

71.    Plaintiffs realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

72.    At all relevant times, Plaintiffs and Class Members were employees or former employees of Defendants covered by Labor Code section 226, as well as applicable Wage Orders.

73.    Pursuant to Labor Code section 226, subdivision (a), Plaintiffs and Class Members were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized statement that accurately reflects, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and the name and address of the legal entity that is the employer; among other things.

74.    Plaintiffs are informed and believe, and based thereon alleges, that in the one (1) year before the filing of the Complaint in this Action through the present, Defendants failed to comply with Labor Code section 226, subdivision (a) by adopting policies and practices that resulted in their failure, at times, to furnish Plaintiffs and Class Members with accurate itemized statements that accurately reflect, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and the name and address of the legal entity that is the employer, among other things.

75.    Defendants' failure to, at times, provide Plaintiffs and Class Members with accurate wage statements was knowing, intentional, and willful.  Defendants had the ability to provide Plaintiffs and the other Class Members with accurate wage statements, but, at times, willfully provided wage statements that Defendants knew were not accurate.

76.    As a result of Defendants' unlawful conduct, Plaintiffs and Class Members have

suffered injury. The absence of accurate information on Class Members' wage statements at times has delayed timely challenge to Defendants' unlawful pay practices; requires discovery and mathematical computations to determine the amount of wages owed; causes difficulty and expense in attempting to reconstruct time and pay records; and led to submission of inaccurate information about wages and amounts deducted from wages to state and federal governmental agencies, among other things.

77.    Pursuant to Labor Code section 226, subdivision (e), Plaintiffs and Class Members are entitled to recover $50 for the initial pay period during the period in which violation of Labor Code section 226 occurred and $100 for each violation of Labor Code section 226 in a subsequent pay period, not to exceed an aggregate $4,000.00 per employee.

78.    Pursuant to Labor Code sections 226, subdivisions (e) and (g), Code of Civil Procedure section 1032, Civil Code section 3287, Plaintiffs and Class Members are entitled to recover the full amount of penalties due under Labor Code section 226, subdivision (e), reasonable attorneys' fees, and costs of suit.

## SEVENTH CAUSE OF ACTION

### (Failure to Timely Pay Wages During Employment – Against All Defendants)

79.    Plaintiffs realleges each and every allegation set forth in the preceding paragraphs and incorporate each by reference as though fully set forth hereat.

80.    At all relevant times, Plaintiffs and Class Members were employees or former employees of Defendants covered by Labor Code section 204 and applicable Wage Orders.

81.    Labor Code section 204 provides that "[l]abor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month."

82.    Labor Code section 210, subdivision (a) states that "[i]n addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and

1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee" and "(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

83.     Plaintiffs are informed and believe, and based thereon alleges, that in the one (1) year before the filing of the Complaint in this Action through the present, Defendants employed policies and practices that resulted in, at times, not paying Plaintiffs and Class Members in accordance with Labor Code section 204.

84.     Pursuant to Labor Code section 210, Plaintiffs and Class Members are entitled to recover penalties for Defendants' violations of Labor Code section 204, in the amount of one hundred dollars ($100) for each initial violation per Class Member, and two hundred dollars ($200) for each subsequent violation in connection with each payment that was made in violation of Labor Code section 204 per Class Member, plus 25 percent of the amount unlawfully withheld.

85.     Pursuant to Labor Code section 218.6, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiffs and Class Members are entitled to recovery of penalties, interest, and their costs of suit, as well.

## EIGHTH CAUSE OF ACTION

### (Violation of Labor Code § 2802 – Against All Defendants)

86.     Plaintiffs realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

87.     At all relevant times, Plaintiffs and Class Members were employees or former employees of Defendants covered by Labor Code section 2802 and applicable Wage Orders.

88.     Labor Code section 2802, subdivision (a) provides that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties . . ."

89.     For three (3) years prior to the filing of the Complaint in this Action through the present, Defendants required Plaintiffs and Class Members, or some of them, to incur, at times,

1  necessary expenditures or losses in direct consequence of the discharge of their duties or at the

2  obedience to the directions of Defendants.

3      90.        During that time period, Plaintiffs are informed and believe, and based thereon alleges

4  that Defendants failed and refused, and still fail and refuse, at times, to reimburse Plaintiffs sand Class

5  Members for those losses and/or expenditures.

6      91.        As a result of Defendants' unlawful conduct, Plaintiffs and Class Members have

7  suffered damages in an amount subject to proof, to the extent they were not reimbursed for the herein-

8  described losses and/or expenditures.

9      92.        Pursuant to Labor Code section 2802, Code of Civil Procedure sections 1021.5 and

10  1032, and Civil Code section 3287, Plaintiffs and Class Members are entitled to recover

11  reimbursement for their herein-described losses and/or expenditures, reasonable attorneys' fees and

12  costs of suit.

13                          **NINTH CAUSE OF ACTION**

14              **(Violation of Labor Code § 227.3 – Against All Defendants**

15      93.        Plaintiffs re-alleges and incorporates by reference all of the allegations contained in

16  the preceding paragraphs of this Complaint as though fully set forth hereon.

17      94.        According to Labor Code section 227.3, whenever a contract of employment or

18  employer policy provides for paid vacations, and an employee is terminated without having taken off

19  his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in

20  accordance with such contract of employment or employer policy respecting eligibility or time served.

21      95.        Plaintiffs are informed and believe, and based thereon alleges that, at all times relevant

22  hereto, Defendants promulgated and maintained a uniform policy providing for paid vacations, and

23  that Plaintiffs employment contract with Defendants included paid vacations.

24      96.        Plaintiffs are informed and believe that they earned non-discretionary bonuses as a part

25  of their compensation package, including but not limited to referral bonuses. These bonuses, however,

26  were never included in employee regular rate of pay when calculating vacation pay. As a result,

27  Plaintiffs contend they were never fully paid for their vacation hours included in their compensation

28

1  package.

2      97.      Plaintiffs are also informed and believe that employees were not paid for all of the

3  accrued vacation hours, or "paid time off" hours, as a part of their compensation package upon

4  termination. These "paid time off" hours and vacation hours are entirely distinct and separate from

5  sick hours provided to employees and would be payable to employees upon their termination.

6      98.      Because of the facts alleged above, Plaintiffs are informed and believe and therefore

7  allege that for at least four (4) years prior to the filing of this action and continuing to the present,

8  Defendants have had a consistent policy of failing to provide Plaintiffs and similarly situated

9  employees or former employees within the State of California with compensation at their final rate of

10  pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

11      99.      As a proximate result of Defendants' failure to pay vested vacation at the final rate of

12  Plaintiffs and Class Members upon their resignation or termination, Defendants violated Labor Code

13  section 227.3, entitling Plaintiffs and Class Members to all vested and unused vacation pay at their

14  final rate of pay, as set out in Defendants' policy or the contract of employment between Plaintiffs

15  and Class Members, on the one hand, and Defendants, on the other hand.

16      100.     As a further proximate result of Defendants' above-described acts and/or omissions,

17  Plaintiffs and Class Members are entitled to recover reasonable attorneys' fees, costs of suit and

18  prejudgment interest.

19                     **TENTH CAUSE OF ACTION**

20               **(Unfair Competition – Against All Defendants)**

21      101.     Plaintiffs realleges and incorporates by reference all of the allegations contained in the

22  preceding paragraphs as though fully set forth hereat.

23      102.     Plaintiffs are informed and believe and based thereon allege that the unlawful conduct

24  of Defendants alleged herein constitutes unfair competition within the meaning of Business and

25  Professions Code section 17200.  Plaintiffs are further informed and believe and based thereon allege

26  that in addition to the unlawful conduct of Defendants alleged in the preceding paragraphs, for at least

27  four (4) years prior to the filing of this action and continuing to the present, Defendants have had a

28

1    consistent policy of failing to provide Plaintiffs and similarly situated employees or former employees

2    within the State of California with the rights provided to them under the Healthy Workplace Heathy

3    Families Act of 2014, codified at Labor Code section 245, *et seq.*  Due to their unlawful business

4    practices in violation of the Labor Code, Defendants have gained a competitive advantage over other

5    comparable companies doing business in the State of California that comply with their obligations to

6    compensate employees in accordance with the Labor Code.

7        103.    As a result of Defendants' unfair competition as alleged herein, Plaintiffs and Class

8    Members have suffered injury in fact and lost money or property.

9        104.    Pursuant to Business and Professions Code section 17203, Plaintiffs and Class

10   Members are entitled to (an) injunction(s) prohibiting Defendants from further violating the Labor

11   Code and requiring the establishment of appropriate and effective means to prevent further violations,

12   as well as restitution of all wages and other monies owed to them under the Labor Code, including

13   interest thereon, in which they had a property interest and which Defendants nevertheless failed to

14   pay them and instead withheld and retained for themselves.  Restitution of the money owed to

15   Plaintiffs and Class Members is necessary to prevent Defendants from becoming unjustly enriched by

16   their failure to comply with the Labor Code.

17       105.    Plaintiffs and Class Members are entitled to costs of suit under Code of Civil Procedure

18   section 1032 and interest under Civil Code section 3287.

19                                  **DEMAND FOR JURY TRIAL**

20       106.    Plaintiffs demands a trial by jury on all causes of action contained herein.

21                                          **PRAYER**

22       WHEREFORE, on behalf of Plaintiffs and Class Members, Plaintiffs prays for judgment

23   against Defendants as follows:

24            A.    An order certifying this case as a Class Action;

25            B.    An Order appointing Plaintiffs as Class representative and appointing Plaintiffs's

26                  counsel as class counsel;

27            C.    Damages for all wages earned and owed, including minimum and overtime wages

28

and unpaid wages for vested vacation time, under Labor Code sections 510, 558.1, 1194, 1197 and 1199 and 227.3;

D.   Liquidated damages pursuant to Labor Code sections 558.1 and 1194.2;

E.   Damages for unpaid premium wages from missed meal and rest periods under, among other Labor Code sections, 512, 558.1 and 226.7;

F.   Penalties for inaccurate wage statements under Labor Code sections 226, subdivision (e) and 558.1;

G.   Waiting time penalties under Labor Code sections 203 and 558.1;

H.   Penalties to timely pay wages under Labor Code section 210;

I.   Damages under Labor Code sections 2802 and 558.1;

J.   Preliminary and permanent injunctions prohibiting Defendants from further violating the California Labor Code and requiring the establishment of appropriate and effective means to prevent future violations;

K.   Restitution of wages and benefits due which were acquired by means of any unfair business practice, according to proof;

L.   Prejudgment and post-judgment interest at the maximum rate allowed by law;

M.   For attorneys' fees in prosecuting this action;

N.   For costs of suit incurred herein; and

O.   For such other and further relief as the Court deems just and proper.


Dated:  August 30, 2025                    BIBIYAN LAW GROUP, P.C.



                                       BY:    _/s/ Rafael Yedoyan_
                                              David D. Bibiyan
                                              Sarah H. Cohen
                                              Rafael Yedoyan
                                       Attorneys for Plaintiffs Javier Bahamonde and
                                       Dajane Sanders, on behalf of all others similarly
                                       situated