UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER BAHAMONDE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM SERVICES LLC, et al.,<br><br>Defendants. | Case No. 25-cv-03499-JSC<br><br>**ORDER RE: DEFENDANTS' MOTION TO STAY PROCEEDINGS**<br><br>Re: Dkt. Nos. 35, 36, 39 |

Plaintiffs sue Amplio Logistics, LLC ("Amplio") and Amazon.com Services, LLC ("Amazon") in a putative class action for violations of California labor laws. (Dkt. No. 28.)[1] The Court previously compelled arbitration as to all but one of Plaintiffs' causes of action. (Dkt. No. 24.) Defendants now ask the Court to clarify its Order compelled arbitration of Plaintiffs' individual claims, and not also their class claims. (Dkt. No. 39.) Amazon also moves to stay or, in the alternative, dismiss and strike Plaintiffs' non-arbitrable claim and class claims, and Amplio joins Amazon's motion. (Dkt. Nos. 35, 36.) Having carefully considered the parties' submissions, the Court concludes oral argument is not required, VACATES the December 4, 2025 hearing, GRANTS Defendants' motions, and STAYS the case pending arbitration of Plaintiffs' individual claims. Plaintiffs may not pursue their class claims before an arbitrator absent Defendants' agreement. And, pursuant to California Civil Procedure Code Section 1281.4, the Court must stay Plaintiffs' non-arbitrable claim because the issue of whether Amazon employed Plaintiffs is involved in both the proceeding before the arbitrator and before this Court.

\\

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

**BACKGROUND**

Plaintiffs sued Defendants in state court for violations of California's Labor Code and Unfair Competition Law, and Defendants removed the case pursuant to the Class Action Fairness Act. (Dkt. No. 1-5; Dkt. No. 1.) After removal, Amplio moved to compel individual arbitration of Plaintiffs' claims, and Amazon joined the motion. (Dkt. Nos. 15, 16.) The Court compelled arbitration as to all of Plaintiffs' causes of action except their ninth cause of action for unpaid vacation upon termination under California Labor Code § 227.3. (Dkt. No. 24 at 10, 19.) The Court also invalidated the arbitration agreement's class action waiver. (*Id.* at 16-19.) Although the Court stayed "litigation of claims compelled to arbitration during the pendency of arbitration of those claims," it noted the parties had not "address[ed] how to proceed" as to the non-arbitrable claim. (*Id.* at 19.)

Plaintiffs then filed a second amended complaint on behalf of named Plaintiffs Javier Bahamonde and Dajane Sanders, who worked for Defendants between 2022 and 2023, as well as all others similarly situated. (Dkt. No. 28.) Plaintiffs' second amended complaint states causes of action for violations of the California Labor Code, including California Labor Code § 227.3, and California's Unfair Competition Law. (*Id.* ¶¶ 35-105.)

Because the parties disagreed about whether the Court's order compelling arbitration permitted Plaintiffs to pursue class claims in in arbitration, or whether putative class claims are stayed in this Court pending arbitration of Plaintiffs' individual claims, the Court granted the parties' stipulation for further briefing. (Dkt. No. 34.) Defendants asked the Court to clarify its "order compelling arbitration requires Plaintiffs' claims be arbitrated on an individual basis because class arbitration is not permitted for any claim brought in this matter." (Dkt. No. 39 at 2.) Amazon also moved to stay the case, or, in the alternative, dismiss and strike Plaintiffs' non-arbitrable and class claims, and Amplio joined the motion. (Dkt. Nos. 35, 36.) Plaintiffs notified the Court they "d[id] not oppose the primary relief sought by Defendants in both pending Motions . . . (*i.e.* that all claims, including class claims, will be stayed in this Court pending the resolution of Plaintiffs' individual claims in arbitration.)." (Dkt. No. 45 at 3.) So, the parties stipulated to an "agree[ment] in principle" regarding the stay of all class claims. (Dkt. No. 46 at 4.) But, Plaintiffs

1   subsequently withdrew their agreement to the stipulation because, Plaintiffs explain, "Defendants
2   reversed course" by calling into question whether "Plaintiffs [could] [] maintain their class claims"
3   following arbitration of their individual claims.  (Dkt. No. 47 at 4.)  Instead, "Plaintiffs submit that
4   the Court should direct *all* claims to proceed in Court as a proposed class action in light of the
5   invalidity of the class action waiver."  (*Id.* at 5.)

## DISCUSSION

### I.    ARBITRATION OF CLASS CLAIMS

Defendants ask the Court to clarify "Plaintiffs' class claims cannot be compelled to arbitration."  (Dkt. No. 39 at 3.)  Plaintiffs ultimately do not oppose Defendants' position on the arbitrability of their class claims.  (Dkt. No. 45 at 3.)  The Court agrees its Order compelling arbitration of Plaintiffs' individual claims, except for the Section 227.3 claim, and invalidating the class action waiver did not compel the parties to pursue class claims in arbitration.

Arbitrators "derive their powers from the parties' agreements related to arbitration, the selected rules of arbitration, and the CAA."  *Cooper v. Lavely & Singer Pro. Corp.*, 230 Cal. App. 4th 1, 16 (2014); *see also Daniels v. Sunrise Senior Living, Inc.*, 212 Cal. App. 4th 674, 680 (2013) ("[A] party cannot be compelled to arbitrate a dispute that he or she has not agreed to resolve by arbitration.").  "[J]ust as whether class arbitration is available depends on whether the parties agreed to allow or forbid it . . . , so the question who has the power to decide the availability of class arbitration turns upon what the parties agreed about the allocation of *that* power."  *Sandquist v. Lebo Auto., Inc.*, 1 Cal. 5th 233, 243 (2016) (citation omitted; emphasis in original).  "[A]n arbitration agreement . . . is construed like other contracts to give effect to the intention of the parties. . . .  If contractual language is clear and explicit, it governs."  *Aanderud v. Superior Ct.*, 13 Cal. App. 5th 880, 890 (2017) (cleaned up).

Under the parties' arbitration agreement, "a court of law must resolve any dispute concerning the validity and enforceability of this Agreement, and the validity, enforceability or interpretation of the provisions pertaining to class, collective, and representative action waivers," so this Court must decide whether the agreement compels arbitration of class claims.  (Dkt. No. 15-2 at 3.)  And, the arbitration agreement makes clear "[i]n the event the waiver of representative

3

1  actions is found to be unenforceable in whole or in part, then the representative action will be
2  heard in court, not arbitration." (*Id.*) The agreement also states, "[n]o arbitrator selected to
3  arbitrate any claim covered by this Agreement is authorized to arbitrate any claim on a class . . .
4  basis," and "under no circumstance will a claim be allowed to proceed in arbitration as a class
5  action." (*Id.* at 3-4.) So, the contractual language clearly and explicitly does not include an
6  agreement to arbitrate class claims, even if—as occurred here—a court deems the class action
7  waiver unenforceable. And, although Plaintiffs state their willingness to arbitrate their class
8  claims, they do not contend Defendants ever agreed to do so, either in the arbitration agreement or
9  afterward. (Dkt. No. 47 at 5.)

So, as there is no agreement to arbitrate the class claims, Plaintiffs' class claims remain in this Court while the individual claims proceed in arbitration.

## II.     DEFENDANTS' MOTION TO STAY

Under California law, a court "shall, upon motion of a party," stay proceedings on non-arbitrable claims when "an issue involved" in such claims is also involved in claims ordered to arbitration. *See* Cal. Civ. P. Code § 1281.4. "The purpose of the statutory stay . . . is to protect the jurisdiction of the arbitrator by preserving the status quo until arbitration is resolved. In the absence of a stay, the continuation of the proceedings in the trial court disrupts the arbitration proceedings and can render them ineffective." *MKJA, Inc. v. 123 Fit Franchising, LLC*, 191 Cal. App. 4th 643, 658 (2011) (cleaned up). "Under section 1281.4, a party to a judicial proceeding is entitled to a stay of those proceedings whenever (1) the arbitration of a controversy has been ordered, and (2) that controversy is also an issue involved in the pending judicial action." *Cardiff Equities, Inc. v. Superior Ct.*, 166 Cal. App. 4th 1541, 1551 (2008) (quotation marks and citation omitted). "A controversy can be a single question of law or fact." *Heritage Provider Network, Inc. v. Superior Ct.*, 158 Cal. App. 4th 1146, 1152-53 (2008) ("The trial court's belief one overlapping issue was insufficient to justify imposition of a stay was incorrect.").

Defendants move to stay all proceedings in this Court pending arbitration of Plaintiffs' individual claims. (Dkt. Nos. 35, 36.) To succeed on both their non-arbitrable California Labor Code § 227.3 claim and their arbitrable California Labor Code claims, Plaintiffs must establish

4

Defendants employed them. *See Lesnik v. Eisenmann SE*, 374 F. Supp. 3d 923, 947 (N.D. Cal. 2019) ("To be liable for violations of the California Labor Code, a defendant must be the plaintiff's employer." (citing *Martinez v. Combs*, 49 Cal. 4th 35, 49 (2010)). Amazon disputes it employed Plaintiffs, so this is a controversy involved in both the arbitration and Court proceedings. Defendants are therefore entitled to a stay of the Court proceedings pursuant to California Civil Procedure Code § 1281.4.

Plaintiffs do not oppose the stay of "all claims, including class claims, . . . pending the resolution of Plaintiffs' individual claims in arbitration." (Dkt. No. 45 at 3.) However, in light of Amazon's argument the arbitration proceeding might resolve the class claims, Plaintiffs ask the Court to "direct *all* claims to proceed in Court as a proposed class action in light of the invalidity of the class action waiver." (*Id.* at 5.) Because the Court must stay all proceedings pending arbitration, it will not direct the class action to continue at this time; instead, the class claims, as well as the California Labor Code § 227.3 claim, are stayed.

## CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' motion to stay the case pending arbitration of Plaintiffs' individual claims, except the California Labor Code § 227.3 claim, and GRANTS Defendants' motion to clarify the Court did not compel the class claims to arbitration; instead, those claims, too, are stayed. On or before **June 1, 2026,** the parties shall jointly provide a written update on the status of the arbitration.

This Order disposes of Docket Nos. 35, 36, 39, 46, 48, 49.

**IT IS SO ORDERED.**

Dated: December 1, 2025

JACQUELINE SCOTT CORLEY
United States District Judge

5